RECEIVED
IN LAKE CHARLES, LA.

DEC 0 4 2015

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALLEN-BEAUREGARD DIVISION

| | | |
|---|---|---|
| **LARRY BUTLER** | * | CIVIL ACTION NO.: 2:14-CV-00635 |
| LA. DOC. # 129325 | * | |
| | * | |
| **VERSUS** | * | JUDGE MINALDI |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | |
| **CORRECTIONS: PROBATION** | * | MAGISTRATE JUDGE KAY |
| **AND PAROLE; PROBATION** | * | |
| **OFFICER LARRY HUGHES;** | * | |
| **AND XYZ INSURANCE COMPANY** | * | |

*************************************************************************

## MEMORANDUM RULING

Before the court is Leland Hughes and the Louisiana Department of Public Safety and Corrections' ("LDPSC") Motion to Dismiss (Rec. Doc. 14). Larry Butler, the plaintiff, filed an Opposition (Rec. Doc. 17), and the defendants filed a Reply (Rec. Doc. 20). Mr. Butler then filed a Surreply (Rec. Doc. 25), and the defendants filed a Supplemental Memorandum (Rec. Doc. 30). For the following reasons, the defendants' Motion to Dismiss (Rec. Doc. 14) is **GRANTED**.

### FACTS & PROCEDURAL HISTORY

Larry Butler met with his parole officer, Leland Hughes, at his office on January 2, 2013.[1] The meeting ended in a heated verbal exchange in which Officer Hughes allegedly told Mr. Butler, in the presence of others in the office, to "[g]et the hell out of [his] office," because he was "tired of fooling with [Mr. Butler]."[2] Officer Hughes further threatened to "lock [Mr. Butler's] ass up" if he did not "register in Allen Parish" as a sex offender.[3] As Mr. Butler was on his way out, Officer Hughes added that he should "do something stupid," and "go smoke some

---

[1] Compl. (Rec. Doc. 1) ¶ 5.
[2] *Id.*
[3] *Id.*

dope."[4] Mr. Butler then completed the process to register with Allen Parish as a sex offender, and left a message with Officer Hughes informing him accordingly.[5]

The following month, at four o'clock in the morning, Officer Hughes arrested Mr. Butler at his home, without explanation and allegedly in the absence of any charges against Mr. Butler, and held him in prison from February 7, 2013, until March 19, 2013.[6] A few months later, on May 28, 2013, Officer Hughes disturbed Mr. Butler's privacy with another unsolicited visit, allegedly as Mr. Butler was exiting the shower, unclothed.[7]

On July 19, 2013, Officer Hughes arrested and imprisoned Mr. Butler.[8] Officer Hughes did not tell Mr. Butler the reason for the arrest, "the totality of the circumstances," until July 23, 2013, which Officer Hughes amended two days later to "the safety of Butler's wife."[9] At the time of the July arrest, Mr. Butler contends there were only allegations, but no charges, against him.[10] However, Officer Hughes asserts that he arrested Mr. Butler pursuant to a Parole Board arrest warrant[11] for violating the terms of his parole by consuming alcohol, slapping his wife, and threatening her life.[12]

Mr. Butler filed suit on March 24, 2014, alleging violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983, and numerous tort claims under Louisiana law.[13] Officer Hughes is alleged to have acted at all times relevant to this case under the authority of the LDPSC.[14] Further, Mr. Butler alleges that the

---

[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.
[6] *Id.* ¶¶ 8, 14.
[7] *Id.* ¶ 9.
[8] *Id.* ¶ 10.
[9] *Id.* ¶¶ 11-12.
[10] *Id.* ¶ 13.
[11] Ex. Warrant (Rec. Doc. 14-2).
[12] Mot. to Dismiss (Rec. Doc. 14) ¶ 5.
[13] Compl. (Rec. Doc. 1) ¶¶ 17, 24-28.
[14] *Id.* ¶ 2.

LDPSC is liable for the actions of Officer Hughes pursuant to the doctrine of respondeat superior and for its negligence in training and managing Officer Hughes.[15] Officer Hughes and the LDPSC filed the instant motion on February 6, 2015, after which Mr. Butler amended the numerous defects in his original complaint.

## LAW & ANALYSIS

### I.     12(b)(6) Standard

Federal Rules of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "It follows that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Bevis v. City of New Orleans*, 686 F.3d 277, 279 (5th Cir. 2012) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### II.    Official Capacity Claims Against Officer Hughes

---

[15] *Id.* ¶ 26.

Mr. Butler asserts violations of the First, Fourth, and Fourteenth Amendments against Officer Hughes individually and in his official capacity as a parole officer for the LDPSC. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents." *Broussard v. Lafayette City-Parish Consol. Gov't*, 45 F. Supp. 3d 553, 565 (W.D. La. 2014) (quoting *Deshotels v. Vill. of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012)). When the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason the Fifth Circuit has found it appropriate to dismiss them. *Id.* (citations omitted). The LDPSC employs Officer Hughes and is itself a specific defendant in the litigation. Thus, the court finds it appropriate to dismiss the claims against Officer Hughes in his official capacity.

### III. Eleventh Amendment

On all claims, state and federal, Mr. Butler asserts that he is entitled to compensatory and punitive damages against Officer Hughes and the LDPSC. "The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999) (citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). The Fifth Circuit has found that the LDPSC is an alter ego of the State of Louisiana and enjoys the protection of sovereign immunity. *Lewis v. Hanemann*, No. 14-3368, 2015 WL 5883547, at *2 (W.D. La. Aug. 4, 2015) (citing *Champagne*, 188 F.3d at 314). Thus, the claims against the LDPSC are barred.

### IV. Individual Capacity Claims Against Officer Hughes

#### A. Prescription of Claims Prior to March 24, 2013

Mr. Butler alleges that his interaction with Officer Hughes at his office on January 2, 2013, caused him to "suffer extreme embarrassment and emotional distress." Furthermore, Mr.

4

Butler alleges that his rights were violated when Officer Hughes arrested him at his home at four o'clock in the morning, without explanation and allegedly in the absence of any charges, and held him in prison from February 7, 2013, until March 19, 2013.

There is no statute of limitations for civil rights actions brought under § 1983, and thus federal courts adopt the forum state's general personal injury limitations period. *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 271 (5th Cir. 1996). In Louisiana, "[d]elictual actions are subject to a liberative prescription of one year." LA. CIV. CODE ANN. art. 3492; *see also Godfrey v. Reggie*, 2011-1575, p. 8 (La. App. 3 Cir. 5/2/12); 94 So.3d 82, 89 (finding that claims for intentional infliction of emotional distress and false imprisonment or arrest are subject to a one-year prescriptive period). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The prescriptive period of a claim of false imprisonment begins to accrue once the false imprisonment is over. *Mills v. City of Bogalusa*, Nos. 13-55477, 14-1837, 2015 WL 4254145, at *3 (E.D. La. July 13, 2015) (citing *Wallace*, 549 U.S. at 389). Thus, the claims arising from the January 2, 2013, interaction and the arrest and imprisonment from February 7, 2013, until March 19, 2013, had prescribed when Mr. Butler filed the complaint on March 24, 2014.

### B. Claims Arising After March 24, 2013

Finally, Mr. Butler claims that Officer Hughes improperly entered his home on May 28, 2013, and that Officer Hughes falsely arrested Mr. Butler on July 19, 2013. "Section 1983 confers no substantive rights, but merely provides a remedy for the violation [by a person acting under the color of state law,] of rights secured under the Constitution and the laws of the United States." *Broussard*, 45 F. Supp. 3d at 565 (quoting *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008)). To impose personal liability on a defendant under § 1983, a plaintiff

5

must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Gillam v. Wise*, No. 2:14-CV-2631, 2015 WL 4681474, at *2 (W.D. La. Aug. 5, 2015) (citing *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985)).

Mr. Butler alleges that Officer Hughes' entry of his home as Mr. Butler was exiting the shower on May 28, 2013, constitutes one of several "incidences of harassment." The United States Supreme Court defines parole as a degree of imprisonment, in which a state allows "a limited, conditional freedom in return for the parolee's assurance that he will comply with the often strict terms and conditions of his release." *Penn. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 365 (1998) (citing *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972)). Thus, the State of Louisiana has an "overwhelming interest in ensuring that a parolee complies with those requirements and is returned to prison if he fails to do so." *Id.* (quoting *Morrissey*, 408 U.S. at 483) (internal quotation marks omitted).

As a parolee, Mr. Butler was subject to monthly visits by his parole officer without prior notice. *See* LA. REV. STAT. ANN. § 15:574.4.4(H)(1). Mr. Butler did not specifically allege in his initial or amended complaint that the visit to his home was in any way illegal or unwarranted. Mr. Butler did not allege that he was harmed or arrested on this occasion, nor was anything taken from him. He did not allege that he asked Officer Hughes to leave or that he had difficulty in getting him to do so. Thus, Mr. Butler has failed to state a claim that the incident of May 28, 2013, violated any of his constitutional rights.

When an arrest is conducted pursuant to a facially valid warrant, the arrest is "simply not a false arrest." *Maier v. Green*, 485 F. Supp. 2d 711, 718 (W.D. La. 2007) (citations omitted). The arrest by Officer Hughes of Mr. Butler on July 19, 2013, was made pursuant to a valid

warrant issued by the LDPSC for violation of the conditions of his parole.[16] Again, Mr. Butler has failed to show that a constitutional right was violated by Officer Hughes for the arrest on July, 19, 2013.

### V. State Law Claims

Mr. Butler also asserts violations of applicable Louisiana law under supplemental jurisdiction. However, Mr. Butler's federal question claims are either prescribed, procedurally barred, or without merit. Thus, any remaining state law claims are dismissed for lack of subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Rec. Doc. 14) is **GRANTED**.

Lake Charles, Louisiana, this 2 day of _____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[16] *See* Ex. Warrant (Rec. Doc. 14-2).